**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ervy T. FREDERICK, Defendant-Appellant.**

**No. 77–5361.**

United States Court of Appeals, Sixth Circuit.

Argued June 12, 1978.

Decided Sept. 1, 1978.

suffered by defendants in consequence of lost subdivision potential.

William Fortune, Federal Public Defender, Edwin J. Walbourne, III, Lexington, Ky., for defendant-appellant.

Patrick H. Molloy, U. S. Atty., John A. West, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and CELEBREZZE, Circuit Judge, and NEESE *, District Judge.

PHILLIPS, Chief Judge.

Appellant, Ervy T. Frederick, was indicted on July 28, 1977, for a violation of 18 U.S.C. § 842(i) which prohibits the transportation of explosives in interstate commerce by any convicted felon. Frederick previously had pleaded guilty to the state charge of receiving the explosives which had been stolen.

* Honorable C. G. Neese, District Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

On October 4, 1977, the district court overruled Frederick's motion to dismiss the indictment for failure of the Government to obtain the approval of the Attorney General for dual prosecution prior to the institution of the charges. Authority for the dual prosecution was received from the Department of Justice on October 17, 1977, and made known to Frederick's counsel on October 18, 1977, the date trial commenced. On October 19, 1977, the jury returned a verdict of guilty and Frederick subsequently was sentenced to three years imprisonment.

Frederick raises four grounds for reversal, contending that: (1) the district court erred in admitting testimony that he did not have a license to transport explosives; (2) comments by the Government attorney regarding the potentially destructive capabilities of the explosives were prejudicial; (3) the district court erred in refusing to strike the testimony of a police officer who destroyed contemporaneous notes of an interview with defendant; and (4) the district court erred in refusing to dismiss the indictment when it appeared that the federal charges arose out of the same facts as the state prosecution and that the United States Attorney had not obtained the approval of the Attorney General for dual prosecution prior to the institution of the charges.

We affirm.

■ Upon a review of the record and the arguments of counsel, we find appellant's first and second assignments of error to be wholly without merit. Frederick next asserts that the district court erred in refusing to strike the testimony of a police officer who destroyed contemporaneous notes of an interview with defendant allegedly in violation of the Jencks Act, 18 U.S.C. § 3500. This court has held, however, that the destruction of such notes does not constitute a violation of the Jencks Act. See, e. g., United States v. McCallie, 554 F.2d 770, 773 (6th Cir. 1977); United States v. Stephens, 492 F.2d 1367, 1377 (6th Cir.), cert. denied, 419 U.S. 852, 95 S.Ct. 93, 42 L.Ed.2d 83 (1974). Accordingly, appellant's contentions are without merit.

Finally, Frederick argues that the district court erred in refusing to dismiss the indictment based on the Petite Policy of the Department of Justice which directs that no federal prosecution should be instituted following a state prosecution for the same offense without approval by the appropriate Assistant Attorney General and review by the Attorney General. Attorney General William Rogers established the policy in April, 1959, in response to decisions of the Supreme Court holding that the Constitution does not prohibit prosecutions by both the state and federal governments for the same criminal offenses. See, e. g., Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959). The policy provides that:

> After a state prosecution there should be no federal trial for the same act or acts unless the reasons are compelling . . . . [N]o federal ·case should be tried when there has already been a state prosecution for substantially the same act or acts without the United States Attorney first submitting a recommendation to the appropriate Assistant Attorney General in the Department. No such recommendation should be approved by the Assistant Attorney General without having it first brought to my attention.

The policy has been followed, with minor modifications, by succeeding Attorneys General.

■ Clearly, appellant's contention with respect to the Petite Policy is without merit. First, since the Government did obtain approval for the prosecution prior to trial, there was no violation of the policy. Secondly, the policy is not constitutionally mandated and confers no rights upon the accused. Rinaldi v. United States, 434 U.S. 22, 29, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). The Court noted in Rinaldi, 434 U.S. at 31, 98 S.Ct. at 86:

> The overriding purpose of the Petite [Petite v. United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490] policy is to protect the individual from any unfairness associated with needless multiple prosecu-

tions. The defendant, therefore, should receive the benefit of the policy *whenever its application is urged by the Government.* (emphasis added) (footnote omitted)

Affirmed.